UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Sandy Burgess**, #271218, | ) C/A No. 6:05-1714-MBS-WMC |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| State of South Carolina; and | ) |
| Henry McMaster, Attorney General for South Carolina, | ) |
| Respondents. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court by a state prison inmate, *pro se.*[1] Petitioner is incarcerated at the Manning Correctional Institution, serving sentences for narcotics-related convictions entered by the Court of General Sessions of Lexington County in 2000, following Petitioner's entry of a guilty plea. In March 2004, Petitioner filed an initial § 2254 petition in this Court, claiming that his conviction was based on unconstitutionally seized evidence, that his trial counsel was ineffective, and that the trial court lacked subject matter jurisdiction to take his plea. *See* Burgess v. South Carolina, Civil Action No. 6:04-01669-MBS. This Court considered Petitioner's claims on the merits and entered summary judgment for the respondents in the case, finding that two of Petitioner's claims had not been exhausted in state court, but that they were then procedurally barred and thus could not provide a basis for challenge to Petitioner's convictions or sentences. As

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

to the ineffective assistance of counsel claim, the Court found that the state court had adequately considered this claim and found no ineffectiveness. Petitioner's appeal to the Fourth Circuit Court of Appeal was voluntarily dismissed in May 2005. *See* Burgess v. South Carolina, Case no. 05-6472 (4th Cir. 2005). Petitioner has now filed this, his second § 2254 Petition directed to his Lexington County convictions;[2] however, he does not indicate anywhere in his Petition, nor does it otherwise appear, that he sought and received permission from the Fourth Circuit prior to doing so. As a result, this case is subject to summary dismissal without service of the Petition on Respondents.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319

---

[2] Petitioner again claims lack of subject matter jurisdiction in the trial court and ineffective assistance of counsel, as he did in his initial § 2254. He also now claims that his guilty plea was involuntary.

(1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).  However, even under this less stringent standard, as previously stated, the Petition submitted in this case is subject to summary dismissal.

If the Petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).  The Petition filed in this case should be dismissed as successive.  A review of this Court's records reveals Petitioner's procedural history in this Court,[3] and, as previously stated, shows that Petitioner has already filed one petition for writ of habeas corpus based on his Lexington County convictions and sentences.  As stated above, that Petition was dismissed with prejudice in March 2005.  Petitioner's appeal from that dismissal was voluntarily dismissed in the Fourth Circuit, and, as stated above, it does not appear that Petitioner requested permission from the Fourth Circuit before he filed the Petition in this case.  This failure to obtain permission for a second § 2254 petition is fatal to this case.

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state

---

[3] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *See* Mann v. Peoples First Nat. Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954); *see also* Colonial Penn Insurance Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See* In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).

On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See* Felker v. Turpin, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See* In re Vial, 115 F.3d at 1194.[4] The "gatekeeping" mechanism created by the AEDPA added section 2244(3) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether the application makes a prima facie showing that the application satisfies the requirements of § 2244(b). § 2244(b)(3)(C); see § 2244(b)(3)(B), (D).

---

[4] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See* Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

Felker, 518 U.S. at 657. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition in the district court, this Court does not have jurisdiction to consider it, and it is subject to summary dismissal without service on the Respondents. *See* Romandine v. United States, 206 F.3d 731, 734 (7th Cir. 2000); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hernandez v. Campbell, 204 F.3d 861, 866 (9th Cir. 2000); United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999); Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998); Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir. 1997); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

June 27, 2005
Greenville, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
