IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandy Burgess #271218,  )  <br> ) C/A No. 6:05-cv-1714-MBS <br> Petitioner,  ) <br> ) <br> vs.  ) <br> )  **O R D E R** <br> State of South Carolina; and Henry  ) <br> McMaster, Attorney General for South  ) <br> ) <br> Respondents.  ) <br> ) | |

Petitioner Sandy Burgess is an inmate in custody of the South Carolina Department of Corrections who currently is housed at Manning Correctional Institute in Columbia, South Carolina. On June 24, 2005, Petitioner, appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate William S. Catoe for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and filed a Report and Recommendation on June 27, 2005. The Magistrate Judge noted that Petitioner previously had filed a § 2254 petition that the court considered on the merits and subsequently granted summary judgment in favor of Respondents. See Burgess v. South Carolina, C/A No. 6:04-1669-24. The Magistrate Judge recommended that the within action be summarily dismissed because the within § 2254 petition is successive and there is no evidence Petitioner has obtained leave from the Court of Appeals for the Fourth Circuit to file a successive petition for habeas review. See 28 U.S.C. § 2244(3). Petitioner filed objections to the Report and Recommendation on July 7, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Petitioner's objection to the Report and Recommendation consists of the following statement "Petitioner states, The court (United States District Court); filed Docket Number 28 dismissed with prejudice and Notice of Right to Appeal under FRAP Rule 3 and 4. See Attached Documents." Objection to The Report and Recommendation, p. 1 (unnumbered). Attached to the objection is a copy of the last page of the court's order granting summary judgment in favor of Respondents in C/A No. 6:04-1669. Petitioner's objection does not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of the record, and concludes that the Magistrate Judge properly applied the relevant law. The court adopts the Report and Recommendation and incorporates it herein by reference. The petition is dismissed *without prejudice* and without requiring Respondents to file a return.

**IT IS SO ORDERED**.

/s/  Margaret B. Seymour
United States District Judge

Columbia, South Carolina
July 18, 2005.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**